.UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTIN GALLODORO                          CIVIL ACTION

VERSUS                                     NO. 20-2163

WALTON ISAACSON, LLC, ET AL.               SECTION: "G"(1)


**ORDER**

This action arises out of a slip-and-fall accident in New Orleans, Louisiana.[1] On July 2, 2020, Plaintiff Justin Gallodoro ("Plaintiff") originally filed this action against Defendants SMG, SMG Holdings LLC, SMG Holdings I, LLC, and Walton/Isaacson, LLC (collectively, "Defendants") in state court.[2] Defendants recently removed the action from state court to this Court—asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3]

Yet this Court noticed that it may not have subject matter jurisdiction over the above-captioned matter. The Court must address the jurisdiction issue *sua sponte*.[4] A "party may neither consent to nor waive federal subject matter jurisdiction."[5] Instead, a federal court has subject matter jurisdiction over an action when, for example, the case "is between citizens of different

---

[1] Rec. Doc. 1-1.

[2] *Id.* Plaintiff also named several fictitous insurance companies as defendants. Such insurance companies are not pertinent for this jurisdictional briefing order. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

[3] Rec. Doc. 1.

[4] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) ("[S]ubject matter delineations must be policed by the courts on their own initiative.").

[5] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

states" and the amount in controversy "exceeds the sum or value of $75,000."[6] The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction."[7] Here, Defendants fail to adequately demonstrate (1) complete diversity and (2) an amount in controversy exceeding $75,000.

## I.      Complete Diversity

Complete diversity between the parties is present when "all persons on one side of the controversy [are] citizens of different states than all persons on the other side."[8] When "jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged."[9] Under the Fifth Circuit's precedent, a limited liability company's citizenship—and a partnership's citizenship—is "determined by the citizenship of all of its members."[10]  In the Notice of Removal, Defendants fail to adequately plead the citizenship of each member of the following defendant entities: SMG (a partnership); SMG Holdings, LLC; and SMG Holdings, I, LLC.[11] Thus, the Court cannot determine whether it has diversity jurisdiction over the above-captioned matter.

## II.     Amount in Controversy

Generally, a defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action.[12] When asserting diversity jurisdiction, a removing

---

[6] 28 U.S.C. § 1332(a)(1).

[7] *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[8] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

[9] *Getty Oil*, 841 F.2d at 1259.

[10] *Harvey*, 542 F.3d at 1079–80; *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019) ("For the purposes of diversity jurisdiction, a partnership is a citizen of every state in which one of its partners or members is a citizen.").

[11] Rec. Doc. 1.

[12] *See* 28 U.S.C. § 1441(a). Furthermore, "removal statute[s] should be strictly construed in favor of

defendant's burden—to show that the amount in controversy supports federal jurisdiction—hinges on whether the plaintiff alleges a specific amount of monetary damages.[13] When the plaintiff alleges a damage amount exceeding the jurisdictional amount, "that amount controls if made in good faith."[14] On the other hand, if the plaintiff pleads a damage amount that does not exceed the jurisdictional amount, that figure will control and thus prohibit removal.[15] "Thus, in the typical diversity case, the plaintiff remains the master of [the] complaint."[16]

Yet Louisiana law generally does not allow a plaintiff to plead a specific amount of damages.[17] Where, as here, the plaintiff alleges an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[18] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[19]

In this case, Plaintiff does not plead a specific amount of monetary damages.[20] Defendants

---

remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[13] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[14] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[15] *Id.*

[16] *Id.*

[17] *See* La. Code Civ. P. art. 893.

[18] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[19] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[20] Rec. Doc. 1-1.

state, however, that "it is readily apparent from the Petition that the amount in controversy []
exceeds $75,000."[21]  In support, Defendants point out that Plaintiff allegedly sustained the
following damages: "[i]njuries to the Achilles tendon and heel of the right ankle; "[s]welling in
the right ankle"; "[n]umbness in the right foot"; "[s]triking his head on the floor and sustaining a
concussion"; "[m]emory loss associated with headaches"; "low back pain"; "[h]erniated disc at
L3-4"; "pain radiating into the right leg and foot"; and "[p]ermanent functional and/or anatomical
disability."[22]

Considering those allegations, it is not facially apparent that the alleged damages—more
likely than not—exceed $75,000. Without additional information, the Court cannot determine
whether the amount in controversy exceeds $75,000. The Fifth Circuit has instructed that "[i]n
situations where the facially apparent test is not met, the district court can then require parties to
submit summary-judgment-type evidence, relevant to the amount in controversy at the time of
removal."[23] Accordingly,

---

[21] Rec. Doc. 1 at 6.

[22] *Id.*

[23] *Allen*, 63 F.3d at 1336.

**IT IS HEREBY ORDERED** that Defendants submit briefing regarding the citizenship of SMG, SMG Holdings, LLC, and SMG Holdings, I, LLC on or before August 19, 2020.

**IT IS FURTHER ORDERED** that Defendants submit summary-judgment-type evidence regarding the amount in controversy[24] to the Court on or before August 19, 2020.

**NEW ORLEANS, LOUISIANA**, this ___5th___ day of August, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[24] Defendants must submit summary-judgment-type evidence regarding the amount in controversy *at the time of removal*.

5