## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN GALLODORO** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-2163** |
| **WALTON ISAACSON, LLC et al.** | **SECTION: "G" (1)** |

## ORDER AND REASONS

Before the Court is the Louisiana Workers' Compensation Corporation's ("LWCC") Motion to Intervene.[1] Having reviewed the motion, the memorandum in support, the record, and the applicable law, the Court denies the motion.

## I. Background

In this litigation, Plaintiff Justin Gallodoro ("Plaintiff") alleges that on July 5, 2019, he was employed by Kappa Designs LLC and was performing set-up services at a nightclub in New Orleans, Louisiana.[2] Plaintiff alleges that he was "assisting in the movement of a rolling metal cart when he slipped and fell on a wet and dangerous floor inside the entrance" of the club, resulting in "severe and disabling injuries for which he has been receiving worker's compensation benefits since the time of his accident."[3] On July 2, 2020, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana, seeking damages for his alleged injuries, including: past, present, and future pain and suffering; past, present, and future mental anguish; past, present,

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 1-1 at 2.

[3] *Id.*

and future medical expenses; loss of wages, earnings, and/or earnings capacity; and loss of enjoyment of life.[4] Plaintiff named as defendants SMG, SMG Holdings LLC, SMG Holdings I, LLC, Walton/Isaacson LLC,[5] ABC Insurance Company, DEF Insurance, and XYZ Insurance (collectively, "Defendants").[6] On July 31, 2020, Defendant Walton/Isaacson LLC removed the case to this Court on July 31, 2020, asserting that the sole basis for subject matter jurisdiction was diversity jurisdiction pursuant to 28 U.S.C. § 1332.[7]

On November 16, 2020, LWCC filed a motion seeking to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a).[8] LWCC is the worker's compensation carrier for Plaintiff's employer, and it has paid medical, indemnity, and vocational rehabilitation benefits to Plaintiff for injuries he allegedly sustained as a result of the accident at issue in this litigation.[9] In the motion, LWCC states that it is incorporated in Louisiana, and that its principal place of business is also in Louisiana.[10] LWCC also asserts that it has paid $58,092.61 on behalf of Plaintiff for "medical, indemnity and vocational rehabilitation benefits and related expenses," and that medical indemnity benefits are "continuing to be paid as they accrue."[11] Therefore, LWCC asserts that it

---

[4] *Id.* at 1–2, 5.

[5] In the petition, Plaintiff incorrectly refers to defendant Walton/Isaacson LLC as Walter Isaacson, LLC. Rec. Doc. 1 at 1.

[6] Rec. Doc. 1-1 at 1–2.

[7] Rec. Doc. 1.

[8] Rec. Doc. 17.

[9] *Id.*

[10] Rec. Doc. 17-1 at 1.

[11] *Id.*

should be allowed to intervene and to seek indemnification for all sums it has paid, and will continue to pay, to Plaintiff.[12]

## II. Legal Standard

LWCC seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a).[13] Federal Rule of Civil Procedure 24(a) states:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, a party is entitled to an intervention of right if: (1) the motion to intervene is timely; (2) the potential intervenor asserts a "direct, substantial [and] legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest.[14]

In addition to the requirements of Rule 24(a), Fifth Circuit precedent dictates that in a diversity action, as here, the party seeking to intervene must independently meet the appropriate jurisdictional requirements.[15] Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is

---

[12] *Id.* at 2.

[13] Rec. Doc. 17 at 1.

[14] *See In re Lease Oil Antitrust Litig.,* 570 F.3d 244, 247, 250 (5th Cir. 2009) (quotation omitted).

[15] *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010).

between citizens of different states. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side."[16] Diverse citizenship must be present at the time the complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[17] The burden of proof remains on the party asserting jurisdiction,[18] and jurisdiction must be apparent on the face of the complaint.[19] The rules requiring the party asserting jurisdiction to do so "are straightforward, and the law demands strict adherence to them,"[20] and so a petitioner in intervention must assert the basis for subject matter jurisdiction of its claims.

Although supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,"[21] this broad grant is not unlimited. 28 U.S.C. § 1367(b) provides that in an action brought under 28 U.S.C. § 1332, that is, an action based solely on diversity, "the district courts shall not have supplemental jurisdiction" over intervenor claims brought under Federal Rule of Civil Procedure 24 "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[22]

---

[16] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

[17] *Id.* at 1398–99.

[18] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[19] *See, e.g., Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979). *See also Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (pleading party must set out basis for jurisdiction "distinctly and affirmatively").

[20] *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

[21] 28 U.S.C. § 1367(a).

[22] 28 U.S.C. § 1367(b).

Therefore, to intervene in a diversity action, an intervening party must be completely diverse from opposing parties, and the intervening claim must assert an amount in controversy that exceeds $75,000. The lack of either element is sufficient to bar jurisdiction over claims that would otherwise be covered by supplemental jurisdiction.[23] Even where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must independently satisfy the amount in controversy requirement.[24] It is of no consequence that it might be more logical or convenient to adjudicate the intervenor claims within the same suit, as "convenience cannot supplant the unambiguous language of a jurisdictional statute."[25]

### III. Analysis

The instant motion to intervene is unopposed. The parties do not dispute that LWCC has the right to intervene under Federal Rule of Civil Procedure 24(a)(2). LWCC is the worker's compensation carrier for Plaintiff's employer, and it asserts that it has paid medical, indemnity, and vocational rehabilitation benefits to Plaintiff for injuries he allegedly sustained as a result of the accident at issue in this litigation.[26] LWCC avers that it should be allowed to intervene and to seek indemnification for all sums it has paid, and will continue to pay, to Plaintiff.[27] Therefore, LWCC asserts a "direct, substantial [and] legally protectable" interest in this action.[28] The

---

[23] *Id.* at 387 ("In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332.").

[24] *Id.* at 389.

[25] *Id.* at 389-90 (also noting that "efficiency and economy cannot confer jurisdiction upon courts where Congress has, according to the Supreme Court, unambiguously chosen to limit such jurisdiction").

[26] Rec. Doc. 17-1 at 1.

[27] *Id.* at 2.

[28] *See In re Lease Oil Antitrust Litig.,* 570 F.3d at 247, 250.

disposition of this case may impair or impede LWCC's ability to protect its interest, and the existing parties do not adequately represent LWCC's interest.[29] Accordingly, the requirements of Rule 24(a)(2) are satisfied.[30]

In addition to the requirements of Rule 24(a), Fifth Circuit precedent dictates that in a diversity action the party seeking to intervene must allege an independent basis for the federal court to exercise jurisdiction over the complaint in intervention.[31] Parties may not consent to or waive subject matter jurisdiction.[32]

Here, the Court finds that LWCC has not demonstrated that an independent basis for this Court to exercise jurisdiction over the complaint in intervention. As an initial matter, LWCC seeks to intervene to "assert a claim involving a right in common to the main action against the defendant in this case"[33] and to "be reimbursed its payments or compensation lien out of any damages which might be awarded to Plaintiff."[34] Accordingly, the Court finds that LWCC is aligned with Plaintiff in this action and analyzes the complete diversity requirement for subject matter jurisdiction accordingly.[35] Because LWCC asserts that it is incorporated in Louisiana and has its principal

---

[29] *Id.*

[30] *See, e.g., Fulford v. Climbtek, Inc.*, 2016 WL 7173780, at * 5 (M.D. La. Dec. 8, 2016) *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (W.D. La. Jan. 6, 2014); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014).

[31] *Griffin*, 621 F.3d at 380.

[32] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) ("[A] party may neither consent to nor waive federal subject matter jurisdiction.").

[33] Rec. Doc. 17 at 1.

[34] Rec. Doc. 17-1 at 2.

[35] *See Chesapeake Louisiana, L.P. v. Buffco Production, Inc.*, 564 F. App'x 751, 755–56 (5th Cir. 2014); *see also Norwood v. Grocers Supply Co. Inc.*, No. 12-CV-751, 2013 WL 686410, at *4 (W.D. La. Feb. 25, 2013). (finding workers compensation intervenor's interests more closely aligned with the plaintiff than with the defendant).

place of business in Louisiana, LWCC is considered a citizen of Louisiana for diversity purposes.[36] In the notice of removal and subsequent jurisdictional briefing, Defendants are identified as citizens of Pennsylvania, Delaware, and California.[37] Because LWCC and Defendants are citizens of different states, the Court finds that the complete diversity requirement for diversity jurisdiction is satisfied.

Nevertheless, LWCC's intervenor claim fails to satisfy the amount in controversy requirement for diversity jurisdiction. LWCC states that it has paid $58,092.61 on behalf of Plaintiff[38]—an amount below the requisite amount in controversy of $75,000. By failing to satisfy the amount in controversy requirement of diversity jurisdiction, LWCC has not demonstrated that there is an independent basis for this Court to exercise jurisdiction over the proposed complaint in intervention.[39] Accordingly,

**IT IS HEREBY ORDERED** that the "Louisiana Workers' Compensation Corporation's Motion to Intervene"[40] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___4th___ day of December, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[36] *Id.*

[37] Rec. Doc. 1 at 5; Rec. Doc. 7 at 2–3.

[38] Rec. Doc. 17-2 at 1.

[39] 28 U.S.C. § 1332(c)(1).

[40] Rec. Doc. 17.